## CIRCUIT COURT OF THE CITY OF RICHMOND

Mark Wayne Noel

v.

Eugene C. Carter

September 27, 1996

By Judge Melvin R. Hughes, Jr.

This is a wrongful death claim settlement submitted to the court for approval by the administrators pursuant to § 8.01-55. The administrators are the mother and father of the decedent. There are also six siblings, brothers and sisters, who like the administrators-parents are a class of beneficiaries under § 8.01-53.

Several issues are before the court in connection with the requested approval. An infant child about two years old who was born after the decedent's death claims the whole of the settlement amount asserting that he is the issue of the decedent. The decedent was not married at the time of his death. When he died, he had been living with the child's mother for approximately two years. The child, through counsel appearing on his behalf at the hearing, contends there can be no approval of settlement until all beneficiaries are before the court, that is, until it is determined whether or not the child is indeed that of the decedent. The child also contends that the attorney representing the administrators cannot ask for distribution of his fees in the interim because the matter cannot stand approved until all beneficiaries are ascertained. Counsel for the administrators, on the other hand, contends it is the child who must come forward with proof of paternity and that the time for this has expired according to § 64.1-5.1. That section establishes a one year period from the death of the alleged parent for an "adjudication of parenthood."

There are also other issues. It seems that prior to the time the administrator's present attorney was engaged for representation, the law firm now representing the child once represented the administrators in this wrongful

death claim. The law firm has asserted a lien on the settlement proceeds for professional services for the time it represented the administrators in the claim. The administrators maintain that for that same firm to now represent the infant is a conflict of interest. Also, the law firm complains that counsel for the administrators cannot represent the administrators and at the same time take the position that the child cannot be a beneficiary. It argues that the only interest should be in assuring that all proper parties are before the court.

First, the year period for establishing parenthood in § 64.1-5.1 is for purposes of Title 64.1 governing Wills and Decedents' Estates not proceedings under § 8.01-53 governing wrongful death settlement approval. Accordingly, the year period fixed there for determining paternity has no application in the matter at hand.

Second, § 8.01-53 allows the personal representative of the deceased to submit a petition to any circuit court for approval of a compromise in wrongful death cases. Once submitted, the court has to require the administrator to convene all parties in interest. Here, there is an infant claiming an interest as child of the deceased. There can be no approval until the court is sure all parties in interest are before the court.

Third, whether the law firm representing the child can do so in light of its former representation of the petitioning administrators in connection with the same subject matter of the representation depends on whether during that former representation privileged information or secrets were given to the law firm by its erstwhile clients. In such a case, the probability of such communication and, if not, the appearance of impropriety is rather high. Thus, the law firm should be disqualified.

Fourth, counsel for the administrators has no conflict. According to the factors listed in § 64.1-5.2, it may be difficult for the infant child asserting paternity to prove such, especially in light of the clear and convincing standard set in the statute. However, a decision on that issue should remain for a later time.

Accordingly, the approval in this case must await a reasonable length of time for the infant involved to obtain new counsel and bring on evidence to show paternity. The court will allow the infant a period for twenty days to have counsel contact the court regarding his representation. Then, the court will fix a time for any hearing on the issue of paternity and approval of the claim.